CLIFFORD McBROOM, Plaintiff and Respondent, v. CITY OF POLSON, a Municipal Corporation, SAM P. SMITH, Mayor of Said City of Polson, JOHN DAVIS, LELAND COONS, DON CORRIGAN, RONALD OLDIS, HAROLD FAUNCE and WARD E. BINKELMAN, Members of the City Council of Said City of Polson, and WILLIAM MIT-CHELL, Defendants and Appellants.

No. 9957.

Submitted January 13, 1960. Decided March 8, 1960.

349 Pac. (2d) 1023.

R. H. Wiedman, Polson, for appellants.

F. N. Hamman, Polson, for respondent.

THE HONORABLE JAMES T. SHEA, District Judge, sitting in place of MR. JUSTICE BOTTOMLY, delivered the Opinion of the Court.

This suit, by a resident taxpayer of the City of Polson, was instituted to restrain and enjoin the defendants, City of Polson, its mayor and members of the city council from paying out city funds to the defendant, William Mitchell, and to enjoin and restrain the first named defendants from maintaining said Mitchell on the police force of said defendant City.

It may be gathered from the record that the City of Polson is a city of the third class, and that the defendant Mitchell, some few weeks prior to the commencement of the suit, had been appointed a policeman in Polson by the defendants first above referred to. At the time of his appointment he had not been a resident of the city for two years, nor had he been such a resident for six months, the apparent claimed statutory qualifications for policemen in cities of the third class in Montana.

The district court rendered judgment in favor of plaintiff, and therein permanently enjoined and restrained the City of Polson and its council from employing the defendant Mitchell as a member of the police department and from paying him any further wage, compensation, salary, or emolument whatsoever for his services as such policeman until he should attain

and possess the aforesaid statutory qualifications. This appeal is from the judgment. The single question for decision is whether a policeman in a city of the third class, before appointment as such, should be a resident of the city for two years, six months, or some other period of time.

R.C.M. 1947, sections 11-1801 to 11-1833, inclusive, pertain exclusively to the metropolitan police law under Chapter 18, Title 11. This law is both mandatory and permissive in character. R.C.M. 1947, section 11-1801, provides there shall be in every city and town of this state a police department which shall be organized, managed and controlled as in "this chapter" provided, which chapter shall in all respects be applicable to and shall govern and control police departments in every such city or town organized under any form of municipal government except where the act is in conflict with the commission form of government as in said section provided. Also, that in cities of the first and second class the mayor shall nominate, and, with the consent of the council, appoint three residents of such city, who shall constitute a board to be known by the name of "police commission". R.C.M. 1947, section 11-1804. By this provision of law, the council of any city or town, other than a city of the first and second class, may provide by ordinance for such a police commission in any such city or town. It will therefore be observed that as to cities of the first and second classes the law is mandatory, and, as to other cities and towns, it is permissive only. State ex rel. Buckner v. Mayor of Butte, 41 Mont. 377, 382, 109 Pac. 710; Grush v. Bishop, 46 Mont. 97, 100, 126 Pac. 619.

Grush v. Bishop, supra, involved the appointment of a chief of police and a policeman in Hamilton, a city of the third class. The chief of police and policeman, in office at the time of the subsequent appointment of a new chief of police and a new policeman, refused to yield up their positions to the new appointees, asserting it was their right to retain their respective positions, insisting by virtue of their appointment subsequent to

the enactment of the Police Commission Bill (Revised Codes 1907, sections 3304 to 3317, inclusive, now R.C.M. 1947, sections 11-1801 to 11-1807, inclusive, and sections 11-1810 to 11-1816, inclusive) and their possession of the qualifications prescribed thereby, they were entitled to hold during good behavior, or until they should become permanently incapacitated by age or disease to discharge their duties. In the course of its opinion, this court, 46 Mont. at page 100, 126 Pac. at page 621 said: "In appointing the plaintiffs as he did, the mayor evidently proceeded upon the assumption that the Act, while mandatory by its terms as to cities of the first class, is optional or permissive only as to cities of the other classes and towns. This brings us to the inquiry whether this assumption is correct."

This court then went on to examine the applicable parts of the Police Commission Bill and then said: "In State ex rel. Buckner v. Mayor of Butte, 41 Mont. 377, 109 Pac. 710, the scope of the act was examined. Though the question was not directly involved, it was held that the law is mandatory as to cities of the first class and permissive as to others. For the reasons stated, we think this the better view."

Subsequent to the decision of the court in Grush v. Bishop, supra, R.C.M. 1921, section 5098 was amended by Chapter 96, Laws of 1939, now R.C.M. 1947, section 11-1804, and as amended it now includes cities of the second class in its mandatory provisions. State ex rel. Goings v. City of Great Falls, 112 Mont. 51, 56, 112 Pac. (2d) 1071.

We are further fortified in our position as to the permissive features of the metropolitan police law as it affects cities and towns other than cities of the first and second class by other provisions of that law. R.C.M. 1947, section 11-1824, provides:

"Cities other than those in the first and second class may come within the provisions of this act by duly passing an ordinance of their desire to come within the provisions of the act and making the tax levy herein provided for."

Again, we find, R.C.M. 1947, section 11-1833, provides:

"That this act shall apply to and include all cities and towns not of the first class, which have heretofore elected, or may hereafter elect to come under the provisions of sections 11-1817 to 11-1830 inclusive."

The City of Polson has never come within the provisions of the metropolitan police law by duly passing an ordinance of its desire so to do. Therefore, the provisions of the act do not apply to policemen appointed in that city. The court below erred in applying any of the provisions of the metropolitan police law to the facts in the instant case.

Any city or town of the third class, under its general legislative power, regardless of whether or not it has passed an ordinance of its desire to come within the provisions of the Act may still provide for the appointment of as many policemen, including a chief of police in case of a city, and a marshal in case of a town, as may be necessary to preserve the peace and enforce the ordinances. R.C.M. 1947, section 11-901; Grush v. Bishop, supra.

Nowhere, however, do we find any provision of law to the effect that cities of the third class, and towns, not operating under the metropolitan police law, are prohibited from appointing policemen and marshals who have not been residents of such cities or towns for some specific period of time, whether it be two years, six months or any other period.

True, R.C.M. 1947, section 11-1814, provides in every case a police officer must have been a resident of the city or town in which he is appointed at least two years prior to such appointment. However, for the reasons hereinbefore made to appear, this statute has no application to the facts in this case. So too, R.C.M. 1947, section 16-3705, has no application to the facts here made to appear. That statute has reference only to special police. While it provides such special police had to be residents of the state for a period of one year at least, and in the county where such appointment is made for the period of at least six months prior to the date of said appointment, it

will be observed a residence requirement in a city or town of any such appointee is conspicuous by its absence. It seems evident the court below, in its findings, referred to the two-year period of time mentioned in section 11-1814, supra, and the six-months period of time stated in section 16-3705, supra.

We fail to find any provision of law concerning the appointment of a policeman in a city of the third class, or a marshal in a town, where such city or town has not come under the metropolitan police law, whereby a policeman or marshal must, as a condition precedent to appointment, show he has been a resident of such city or town for some stated period of time. Residence is neither required nor is it a necessary qualification for appointment.

The legislature, knowing the difficulty faced by small cities and towns when employing competent police protection, the usual inability to pay big salaries, the costs and expenses of maintaining commissions, creating police reserves, assuming liability to pay various police in the reserves, and other expenses, left it optional with such cities and towns, under the various permissive features stated in the metropolitan police law, as to whether such cities and towns would come within the provisions of the Act.

The City of Polson not having elected to come under the provisions of said Chapter 18, Title 11, is not bound by any of the provisions thereof.

The judgment of the district court of Lake county is reversed, and the cause remanded with directions to enter a judgment for the defendants.

MR. CHIEF JUSTICE HARRISON, MR. JUSTICES ADAIR, ANGSTMAN and CASTLES concur.