# Ritte v. City Of Covington.

December 14, 1948.

J. Richard Udry for appellant.

John L. Cushing for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER— Reversing.

Appellant's petition alleged that he was employed as Covington's City Recorder in January 1925 until August 1930, when he was removed, and re-employed in the same capacity in January 1934, serving until March 1940, when he says he was removed without cause. His contention throughout is that at all times involved he was entitled to benefits accorded by KRS Sec. 90.340, and the ordinance enacted thereunder. Three months after his second removal he filed petition against the city alleging wrongful discharge, asking that he be reinstated and recover his salary while deprived of his position. In October 1941 he was paid $1081.25 "in full settlement of his claim for salary since the date of his discharge," and he was given the position of Stamp Clerk in the office of Surplus Commodities Corporation at $140 per month. This was a Government project, though appellant's salary was paid jointly by the county and city. This clerkship was not scheduled.

Appellant served as such clerk until February 28, 1943, when the Commodities' office was discontinued, and he made demand that he be restored to "his former position," under the terms of the ordinance; this demand was rejected. He alleged that his duties as Stamp

Clerk and Recorder were both clerical, and that at the time of his "discharge" and now, there were about 19 clerks in the city's employ who were junior to him in point of service.

Appellant alleges that from adoption of the ordinance to the date of his discharge he was in the classified service, and that "under the settlement" he was restored to all seniority rights under the statute and ordinance, asserting that at all times and during the time he was Stamp Clerk the city deducted a portion of his salary and applied it to the pension fund.

Appellant lastly pled that at the time he was wrongfully discharged the city had increased the salaries of all employees by $10 per month. His prayer was that he be restored to a position as clerk at a salary of $150 per month, and recover $150 per month from March 1, 1943.

The city in answer admitted all allegations of the petition, except that it denied that appellant had paid or was required to pay into the pension fund after his acceptance of the Stamp clerkship; denied all allegations of the petition which may be classified as conclusions as to the effect of the law and ordinances and appellant's rights thereunder.

In a second paragraph the city pled the settlement of the former litigation between it and appellant, and that in the compromise plaintiff had agreed to accept the Stamp Clerk position, which was not classified under the ordinance, a fact well known to him; that while plaintiff was paid in part by the city, his duties were prescribed by the Federal Government. That plaintiff insisted that he pay into the pension fund, and his payments were received and are being held by the city for him. A reply in general denial completed pleadings. On submission the chancellors adjudged: "That defendant wrongfully discharged plaintiff as clerk in the employ of defendant, and should restore plaintiff as clerk with seniority and civil service rights dating from October 1, 1941, at the salary he was receiving at the time of his discharge, together with all increases in like positions in the employ of the city received since the date of his discharge."

On appeal the sole contention is that the court arbitrarily and erroneously limited his seniority rights to October 1, 1941, the date of settlement of the former suit. It is insisted by appellant that his seniority rights should have been fixed as of January 1, 1934, when he later became Recorder.

The record in the settlement or compromise suit is not made a part of the record, and from proof it appears that the only order entered was one of "satisfaction." Under this compromise appellant received the sum sought for back pay, and was given a position as Food Stamp Clerk, which was a Government function, though the city paid one-half the salary. However, the uncontradicted testimony shows that the agreement went further. Appellant's counsel, who effected the agreement, said that the Court on the first trial had indicated that appellant would be reinstated in his position as City Recorder, but he could not be allowed back pay, which could only be recovered in a suit against the person who had succeeded him and had received compensation, and it was finally agreed that appellant should receive back pay, and be given a clerical position "outside the City Building," or Finance Department. Counsel says, "That offer was accepted with the provision that the city add sufficient money to place in the pension fund that proportion required of his wages, and they added $89, which was immediately placed in the pension fund. It was understood that whatever position he occupied he would retain his Civil Service status, and be required to pay into the pension fund."

There was no testimony on behalf of the city. In its answer it is alleged that appellant insisted that under the statute and ordinance he was entitled to pay into the pension fund and receive all benefits of the same, and that said money was accepted from plaintiff and is still being held. Appellant says that every pay day the city took the money out of the portion due him as Clerk.

In the absence of any proof to the contrary we must accept such as is before us on the question of the terms of the first suit. It does appear from the proof that there was friction in the City Building between appellant and another, or other employees. However, there were never any charges filed against appellant, who says

he was removed without hearing, which would have been the proper proceeding if the city desired to be rid of him. When we turn to the ordinance in question we find it provides: "Any City employee previously under Civil Service by reason of Ordinance No. 3062 who was thereafter by reason of amending Ordinance No. 3144, taken out of Civil Service, but had while No. 3062 was effective, paid into the pension fund as provided for City employees, and placed again under the provision of Civil Service, shall retain his continuous seniority by paying into the pension fund any and all amounts due thereto, as if said employee had never been taken from under the provisions of said Civil Service Ordinance."

Appellant's pleading is to the effect that he was classified under Ordinance No. 3062, and at all times paid into the pension fund. Ordinance No. 3144 abolished that office. By the last amended ordinance "clerks" were put under Civil Service, and from the proof the city in the settlement suit agreed to reinstate appellant as Recorder, which is a clerkship. Appellant alleges that he was re-employed as Recorder January 1, 1934, and served until March 1940, when he was removed without hearing. That date, January 1934, should fix his status. It is noted that the city is not complaining because the Court found that "plaintiff was wrongfully discharged by the city." The Court ordered appellant reinstated as Clerk with seniority rights as of October 1, 1941, the date of the compromise judgment, which in nowise entered into the question of restoration to Civil Service rights; such rights are fixed by the City's ordinance. The court reinstated appellant, and the city is not complaining of that ruling, and appellant being placed again under the provisions of Civil Service "retains his continuous seniority," under the Ordinance.

Our conclusion as to the meaning and effect of the ordinance is to a great extent sustained by our opinions in City of Covington v. Trenkamp, 287 Ky. 324, 152 S. W. 2d 999; City of Covington v. Crolley, 283 Ky. 606, 142 S. W. 2d 151; City of Owensboro v. Board of Trustees, 301 Ky. 113, 190 S. W. 2d 1005.

Judgment reversed with directions to fix the Civil Service status of appellant as indicated.