355 P.2d 670 (1960)
STATE of montana, on the relation of Emily Mae Evans, by Dorothy Evans Hamry, her Guardian, Relator and Respondent,
v.
FIRE DEPARTMENT RELIEF ASSOCIATION OF the CITY OF BUTTE, Montana; Charles Abraham, President; Robert Sanders, Vice-President; James J. Leary, Secretary; William Byrne, Treasurer; Earl Casagranda; John Cavanaugh; William Duffy; J. Martin Hanley; William Lappin and John McCarthy, Respondents and Appellants.
No. 10066.
Supreme Court of Montana.
Submitted March 28, 1960.
Decided October 4, 1960.
N.A. Rotering, Butte, argued orally, for appellant.
Earle N. Genzberger and Earl M. Genzberger, Butte, for respondent, Earl M. Genzberger argued orally.
CASTLES, Justice.
This is an appeal from a judgment of the district court in and for the county of Silver Bow directing the issuance of a peremptory writ of mandate. The case was submitted to the court below upon an agreed statement of facts.
*671 The proceeding was instituted by the guardian of Emily Mae Evans, a minor child, and surviving daughter of Richard Orval Evans who was a member of the Butte Fire Department at the time when he was disabled in line of duty on August 11, 1953. Mr. Evans received a disability pension from the appellant Fire Department Relief Association, hereinafter referred to as appellant, which continued until December of 1955 when the payments were discontinued due to the failure to submit the necessary medical certificate to appellant.
As is shown in the agreed statement of facts, Mr. Evans had previously made application to the Industrial Accident Board, for payments under the Workmen's Compensation Act, R.C.M. 1947, § 92-101, et seq. Several monthly checks were received by Mr. Evans but these were subsequently returned by him with a letter explaining that he was receiving disability payments from appellant, and it was his understanding that he could not accept payments from both the board and appellant. Upon his death in July of 1955, his widow continued to receive these pension payments until December of 1955.
Upon Mr. Evan's death, his wife, Dorothy Sherman Evans, filed a claim for compensation with the Industrial Accident Board as the widow of Richard Orval Evans. She received compensation until she remarried at which time the payments continued to be made to her as guardian of the couple's minor child, Emily Mae Evans. Thereafter, Mrs. Evans filed this action seeking a writ of mandate to compel the appellant to make payments to her minor child in addition to the payments which were being received from the Industrial Accident Board.
The only questions presented for our determination is whether or not a fireman or his surviving widow or child is entitled to receive payments from both funds in view of the controlling statutes, and further, whether these statutes are constitutional in light of the provisions of the Constitution of the State of Montana.
Section 11-1926, R.C.M. 1947, in part, provides as follows:
"Each and every fire department relief association, organized and existing under the laws of this state, shall pay a `disability pension,' out of any moneys in the association's `disability and pension fund,' to each and every member of said association who has become injured or disabled by reason of sickness or injury contracted or received in line of duty, * * * provided further that no member of said association shall be entitled to receive said `disability pension' so long as he may be receiving an allowance or award under the Montana workmen's compensation act."
Section 11-1927, R.C.M. 1947, pertains to widows and orphans and states that:
"Each and every fire department relief association, organized and existing under the laws of this state, shall pay to the widow or orphans of a deceased member of said association, who, on the date of his decease, was an active member of the fire department in the city or town wherein such association has been formed, or had elected to retire from active service of said fire department and receive a `service pension' as provided for by section 11-1925, or, prior to his decease had suffered a sickness or injury in line of duty, and was receiving or was qualified to receive a `disability pension,' as provided by section 11-1926, out of any money in the relief association's `disability and pension fund,' a monthly pension in amount which shall be equal to one-half of the monthly compensation last received by such deceased member for his services as an active member of the fire department in the city or town wherein such association has been formed."
In the instant case, the deceased fireman paid a portion of his monthly paycheck into appellant's "disability and pension fund". These payments give rise to a contractual obligation not unlike a policy of life or disability benefit insurance. In this connection the Supreme Court of Minnesota has stated: "So far as it depends on contributions made by the members, it is *672 something the member has purchased for himself with his own funds, and is akin to life and benefit insurance. It is well settled, in death by wrongful act cases, that the fact that the deceased had life insurance does not diminish the amount of damages which his widow and next of kin may recover. * * * This is on the principle that where one through his own providence has purchased and maintained insurance on his life, the proceeds thereof should inure to his beneficiaries, and not to the one who has caused his death. A similar principle is applicable here. True, under the compensation act there may be recovery though the death of the employee was not caused by any wrongful act of the employer. At the same time we are of the opinion that the fireman who joins and contributes to the funds of this association should be held to have purchased the protection which the association affords, for the benefit of himself and his family, and not for the benefit of his employer." State ex rel. City of Duluth v. District Court, 134 Minn. 28, 158 N.W. 791, 792. The wisdom of such an approach is manifest when we examine the reasons for having a "disability and pension fund".
Firefighting is a hazardous occupation. In order that the fireman may provide against the day when he will be unable to continue in his line of endeavor or will be maimed or killed protecting the property of the citizens of his town, the legislature has directed that a "disability and pension fund" be set up. The source of this fund is stated in section 11-1911, R.C.M. 1947, to be "all bequests, fees, gifts, emoluments or donations given or paid to such fund, or any of its members, except as otherwise designated by the donor, and a monthly fee which shall be paid into the fund by each paid member and part paid member of said fire department relief association amounting to three (3) per cent of his regular monthly salary, the proceeds of a tax levy as provided by section 11-1912, and all monies received from the state of Montana as provided for by section 11-1919, and the interest of any portion of said fund."
It is thus seen that gifts from grateful property owners constitute part of this fund. In addition section 11-1912 provides that one per cent of the taxable valuation of all taxable property within the municipal limits be paid into the fund. Aside from the fireman's own contributions then, we have gifts from individuals and a percentage of the assessed valuation of the property which the fireman labors to protect. Surely, neither the taxpayer nor the donor would desire that his gift or taxes should be withheld from a fireman because he is also receiving payments under the Workmen's Compensation Act. The case in favor of a deceased fireman's widow or orphan is even more apparent from the standpoint of public policy and public benefit.
Although courts are, in general, hesitant to decide a constitutional question unless it is squarely presented, we feel that in the instant case the provisions of section 11-1926 clearly impair an obligation of contract and must be declared unconstitutional insofar as they prohibit a fireman or his widow or orphan from receiving payments from the disability and pension fund if they are also receiving payments under the Workmen's Compensation Act.
Article III, section 11, of the Constitution of the State of Montana provides in part as follows: "No * * * law impairing the obligation of contracts, * * * shall be passed by the legislative assembly."
The obligation on each Fire Department Relief Association to make payments out of the disability and pension fund is clearly contractual. The individual fireman pays into the fund and is entitled to its benefits when he is in need of them. The fact that part of the fund is made up of gifts and taxes makes no difference. It would be an anomaly to say that a person is not entitled to the benefit of a contract which he has entered into merely because the consideration which he gives is augmented from other sources. The contract arises when the fireman pays into the fund. From this *673 time it is obligatory upon the association to pay him or his widow or orphan benefits in case of disability or death. The provisions of section 11-1926, which attempt to contravene this obligation are unconstitutional and must be struck down because their effect impairs an obligation of contract. The general rule regarding severance of an unconstitutional part of an otherwise valid statute is stated in 11 Am. Jur., Constitutional Law, § 152, p. 834, as follows:
"It is a fundamental principle that a statute may be constitutional in one part and unconstitutional in another part and that if the invalid part is severable from the rest, the portion which is constitutional may stand while that which is unconstitutional is stricken out and rejected." This rule has been applied in Montana. In Hill v. Rae, 52 Mont. 378, 389, 158 P. 826, 831, L.R.A. 1917A, 495, Ann. Cas. 1917E, 210, this court stated: "A statute solemnly enacted is not to be overthrown by anything short of positive conviction of its illegality, and it is not destroyed in toto because of an improper provision, unless such provision is necessary to the integrity of the statute or was the inducement of its enactment." In accordance with this principle, we hold that the proviso in section 11-1926, which states, "provided further that no member of said association shall be entitled to receive said `disability pension' so long as he may be receiving an allowance or award under the Montana workmen's compensation act" is unconstitutional. However, in view of the fact that the proviso was not the inducement for the enactment of section 11-1926, nor is it necessary to its integrity, the remainder of section 11-1926 may stand. With section 11-1926 thus modified, section 11-1927 could not possibly be construed so as to prohibit a fireman's widow or orphan from receiving payments from both the Industrial Accident Board and the appellant.
The judgment is affirmed.
HARRISON, C. J., NAT ALLEN, District Judge, sitting in place of BOTTOMLY, J. and C.B. BELWELL, District Judge, sitting in pace of ANGSTMAN, Justice, concur.
C.B. ELWELL, District Judge,
I concur in the conclusion reached in the foregoing opinion but not with all that is said therein.
ADAIR, J., dissents.