ALVIN BARTELS, Plaintiff and Respondent, *v.* MILES CITY, Montana, a Municipal Corporation, HERBERT D. CRONE, the Mayor thereof, GENE S. CUTTING, et al., Defendants and Appellants.

No. 10824
Submitted October 15, 1964. Decided March 5, 1965.
399 P.2d 768.

Colgrove & Brown, Miles City, Bruce M. Brown (argued), Miles City, for appellants.

Lucas & Jardine, Miles City, Charles W. Jardine (argued), Miles City, for respondent.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

Alvin Bartels, Police Chief of the City of Miles City, brought this action under Chapter 89, Title 93, Revised Codes of Montana 1947, Uniform Declaratory Judgments Act, to have his rights and status determined under Miles City Ordinance No. 689 which provides for the retirement of members of the Miles

City Police Department, and to have determined the validity or invalidity, reasonableness or fairness and constitutionality of the Ordinance.

The district court held that section 1 of Ordinance No. 689 was invalid, illegal and unconstitutional because it was in direct conflict with sections 11-1818 and 11-1821, R.C.M.1947, as amended. The district court also held that section 1 of Ordinance No. 689 requiring the plaintiff to serve thirty years before becoming eligible to pass to the police reserve, was an impairment of a vested contractual right and that the plaintiff was entitled to pass from the active list of the Miles City Police Department to the reserve list as provided in sections 11-1818 and 11-1821, supra. From this holding the City of Miles City appeals.

Alvin Bartels, plaintiff below and respondent here, will be referred to as the respondent. The City of Miles City and its officials, defendants below and appellants here, will be referred to collectively as the City.

The record shows that Alvin Bartels was hired as a member of the Miles City Police Department on May 13, 1942, and has served continuously since that time. When Mr. Bartels applied for the job he was interviewed by the then Police Chief, Joe Sullivan, and the members of the Miles City Police Commission. At that time, the parties agreed that if the respondent would serve twenty years of active service he would be eligible to pass to the reserve list of the Miles City Police Force and he would receive a pension equal to one-half the salary he was receiving during the year prior to his retirement. With this offer in mind, the respondent accepted a position as a police officer and served the necessary six-month probationary period. After that time his appointment was submitted to the city council and approved by the council. For better than the next twenty years the respondent served continuously as a member of the Miles City Police Force.

When the respondent was hired by the City of Miles City

there were no municipal ordinances covering the retirement of members of the police force. However, the City of Miles City was then and is now a city of the second class and is bound by the provisions of the Metropolitan Police Law, Chapter 18, Title 11, R.C.M.1947. In accordance with section 11-1825, R.C.M.1947, the City of Miles City has each month, for the last twenty years, retained three per cent of the respondent's monthly salary and paid such amount into the Miles City Police Retirement Fund.

The transcript shows that it was the recognized practice for the City of Miles City to hire police officers with the oral understanding and agreement that they could pass to the police reserve after serving twenty years of active service and that in fact several officers are currently receiving pensions under this agreement.

On May 9, 1962, just four days before the respondent had completed twenty years of active service, the City of Miles City put into effect Ordinance No. 689 which required police officers in the City of Miles City to serve continuously for a period of not less than thirty years before being eligible for retirement.

Soon after the respondent completed his twenty years of service he filed this suit to test the validity of the new ordinance.

The only portion of Ordinance No. 689 which was considered by the district court and which is in controversy here is Section 1 which reads as follows:

Section 1. Pursuant to the authority granted the City of Miles City under section 11-1814, R.C.M.1947, it is hereby provided the *City Council of the City of Miles City may retire any police officer on half pay after he has served continuously as a police officer on the active list for not less than 30 years.* Said police officer shall then be entitled to the payments provided for under Section 11-1821, R.C.M.1947. *If any policeman shall voluntarily at his option pass from the active list of police*

*officers and become a member of the police reserve before serving as an active policeman for 30 years, then he shall not be entitled to any pension until he has reached 65 years of age.* (Emphasis supplied.)

On appeal the City sets out three specifications of error, the first of which challenges the holding of the district court that Section 1 of Ordinance No. 689 was invalid because it was in direct conflict with sections 11-1818 and 11-1821, R.C.M.1947.

To determine the validity of Section 1 of Ordinance No. 689 we must determine whether sections 11-1818 and 11-1821 require a city to pay a pension equal to one-half his salary to a policeman who voluntarily passes to the police reserve after twenty years of active service.

The pertinent parts of those two sections, as they affect this case, are as follows:

"11-1818. *Whenever any person who has heretofore or shall hereafter have completed twenty (20) years or more in the aggregate * * *,* in any capacity or rank whatever in cities of the first and second class * * *, *he may at his option pass from the active list of police officers of such city or town and become a member of the police reserve of said city or town,* and if he reaches the age of sixty-five (65) years while in active service, he shall pass from the active list of police officers of such city or town and become a member of the police reserves of such city or town." (Emphasis supplied.)

It is clear from this language that a police officer can qualify for the police reserve so far as pertinent here in one of two ways: (1) optional with the officer after completion of twenty years of active service; and (2) mandatory upon reaching age sixty-five.

"11-1821. (1) Whenever any policeman or officer shall from *age or disability* become transferred from the active list of the police officers of any city or town to the reserve list of such city or town, *he shall thereafter be paid in monthly payments from the funds in this act provided for,* a sum equal to

one half (½) the salary he was receiving during the year prior to the time he passed to the police reserve list." (Emphasis supplied.)

Section 11-1821 is the specific section which covers payments to members of the police reserve. Subdivision (1) of that section provides for monthly payments to any police officer who passes from the active list to the reserve list because of "age or disability."

It should be understood that this case does not involve a disabled policeman. Rather the litigants here disagree as to the meaning of the word "age" as used in section 11-1821, subd. (1).

The City contends that the word "age" has reference only to a police officer who has passed to the reserve list upon reaching sixty-five years of age. Thus it is the City's position that under section 11-1821, subd. (1), a police officer who passes to the reserve list after twenty years of active service cannot receive pension payments until such time as he reaches sixty-five years of age.

The respondent contends that the word "age" as used in section 11-1821, subd. (1), pertains to a police officer who has passed to the reserve list either after twenty years of active service or upon reaching age sixty-five.

Although the meaning of the word "age" has not been judicially determined in Montana or in any other jurisdiction when used as a condition to receiving a pension, we think the proper meaning can be found by ascertaining the legislative intent in creating a retirement plan for police officers in the state of Montana.

The general purposes for establishing police pension systems are to reward efficiency, to encourage police officers to remain on active service for specified period of time, and to give assurance of a decent standard of living upon retirement. Kirschwing v. O'Donnell, 120 Colo. 125, 207 P.2d 819; Klench v. Board of Pension Fund Com'rs, 79 Cal.App. 171, 249 P. 46.

122

This court recognizes that police salaries being what they are, the offer of early retirement is probably one of the most important assets which a city can offer when recruiting competent people to fill vacancies on a police force. The transcript shows that it had been the practice both before and after the time the respondent was hired to inform applicants for positions on the Miles City Police Force that they could retire after twenty years of active service. It is conceded that this is a common practice in most of the cities of the first and second class in Montana.

Since most of the cities of the first and second class have interpreted subd. 1 of section 11-1821 to allow a police officer to receive a pension after twenty years of active service we will consider this interpretation in rendering our decision. It is a well-accepted rule of statutory construction that "Long continued contemporaneous and practical interpretation of a statute by the executive officers charged with its administration and enforcement, the courts, and the public constitutes an invaluable aid in determining the meaning of a doubtful statute." Sutherland Statutory Construction, 3rd Ed., Sec. 5103. And "Like all precedents, where contemporaneous and practical interpretation has stood unchallenged for a considerable length of time it will be regarded as of great importance in arriving at the proper construction of a statute * * *. One of the soundest reasons sustaining contemporaneous interpretations of long standing is the fact that reliance has been placed thereon by the public and those having an interest in the interpretation of the law. While the principle here is not strictly that of estoppel running against the government there is some analogy to that principle when the interpretation has been made by a government agency or officer." Sutherland Statutory Construction, 3rd Ed., Sec. 5107.

In this case, the Miles City police chief and police commission interpreted the existing state law to allow a police officer to pass to the reserve and receive a pension equal to one-half

his salary after twenty years of active service. This interpretation was conveyed to the respondent and was an important consideration in his acceptance of a position on the Miles City Police Force. Now after working nineteen years, eleven months and three weeks the respondent is informed by the City that he must work another ten years before he is eligible to receive pension payments.

We cannot agree with the City's position. For all intents and purposes the respondent had worked on the police force for twenty years. At this time his right to the pension had become vested and could not be altered or changed to his detriment. Kern v. City of Long Beach, 29 Cal.2d 848, 179 P.2d 799; Chapin v. City Commission of Fresno, 149 Cal.App. 2d 40, 307 P.2d 657.

The City's argument is inconsistent in that they maintain that the word "age" prohibits an officer who has served twenty years from receiving a pension until he reaches age sixty-five. Yet the ordinance proposed by the City would allow a police officer to receive a pension before age sixty-five if he completed thirty years of active service.

We agree with the district court that sections 11-1818 and 11-1821, subd. (1), allow a police officer to do exactly what the ordinance proposes but after twenty years rather than thirty years.

For these reasons we hold that the word "age" as used in Section 11-1821, subd. (1), does pertain to a police officer who has passed to the reserve list after twenty years of active service and such an officer is eligible to receive pension payments at that time.

Since section 1 of Miles City Ordinance No. 689 prevents a police officer from receiving pension payments upon completing twenty years of active service and passing to the police reserve list that section of the ordinance is invalid and void.

When there is conflict between a state statute and a municipal ordinance the statute must control, and when an

ordinance is inconsistent with a statute the ordinance is void. 5 McQuillin Municipal Corporations, 3rd Ed., § 15.20, p. 96; State ex rel. City of Butte v. Police Court, 65 Mont. 94, 210 P. 1059.

The second question in this case is whether there was a valid contract between Alvin Bartels and the City of Miles City which would allow the respondent to retire at half pay after twenty years of active service.

The district court concluded that such a contract did exist and that section 1 of Ordinance No. 689 was an impairment of that vested contractual right.

The City challenges this holding of the district court in its second and third specifications of error. The City contends that the representations as to retirement made by the police chief and police commission are not binding on the City because the City Council did not sanction the employment of the respondent under those conditions.

As pointed out previously, the provisions of the Metropolitan Police Law are mandatory on cities of the first and second class. McBroom v. City of Polson, 137 Mont. 33, 349 P.2d 1023. Therefore the City of Miles City must comply with the pension provisions of the Metropolitan Police Law. The City admits by stipulation that the respondent has been employed as a police officer for the past twenty years. Since the respondent served the required probationary period and was approved by the city council it can hardly be said that his employment was not legal. During the entire period of the respondent's employment the City has deducted from the salary of the respondent a certain percentage of his monthly salary for Police Retirement Benefit Fund.

In a recent case before this Court the question as to the right to receive pension payments under the Firemen's Disability and Pension Fund was raised. The sources of revenue for the firemen's pension fund are identical to the police pension fund. This Court held that monthly payments from the

fireman's salary into the pension fund gave rise to a contractual obligation and when a fireman qualified for payments from the pension fund they could not be denied to him on the grounds that he was receiving compensation from other sources. State ex rel. Evans v. Fire Department Relief Association of the City of Butte, 138 Mont. 172, 355 P.2d 670.

Here the respondent, Alvin Bartels, has complied with the requirements of section 11-1818 by serving twenty years of continuous service on the active list of the Miles City Police Department and now he should be entitled to pass to the police reserve and receive the pension payments due him. The respondent has completely performed his part of the contract and now the City must perform theirs.

Regardless of the legal problems involved here it would be grossly unfair and inequitable to deprive the respondent of his right to retire after twenty years of faithful service and withhold from him the pension payments which he has earned and looked forward to receiving. A similar situation arose in Hickey v. Pension Board of City of Pittsburgh, 378 Pa. 300, 106 A.2d 233, 238, 52 A.L.R.2d 430, the Pennsylvania Supreme Court very appropriately said:

"* * * But when Thomas Hickey started contributing to the city pension fund in 1915, there appeared on the horizon not the slightest suggestion of a cloud to imperil the pension, toward which he was faithfully to plod for 31 years. It is not reasonable or logical to suppose, that, given the liberal attitude that the General Assembly has assumed in this field of legislation, that it would impose restrictions so fundamentally contrary not only to its policy but to the elemental rules of fairness. Whether it be in the field of sports or in the halls of the legislature it is not consonant with American traditions of fairness and justice to change the ground rules in the middle of the game."

For these reasons we hold that section 1 of Miles City Ordinance No. 689 is illegal and void and the respondent,

126

Alvin Bartels, is entitled to retire and receive payments equal to one-half his salary. The judgment of the district court is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES JOHN CONWAY HARRISON, DOYLE and ADAIR concur.