TOBACCO RIVER LUMBER COMPANY, INC., A MONTANA COR-
PORATION, PLAINTIFF AND APPELLANT, *v.* LOUIS A. YOPPE AND
GWENDOLYN YOPPE, HUSBAND AND WIFE, DEFENDANTS AND
RESPONDENTS.

No. 14035.
Submitted March 10, 1978.
Decided April 18, 1978.
577 P.2d 855.

Robert S. Keller, argued, Kalispell, for plaintiff and appellant.

Fennessy Crocker & Harman, Libby, Thomas R. Bostock, argued, Libby, for defendants and respondents.

MR. JUSTICE SHEA delivered the opinion of the Court.

Plaintiff appeals from an order of the Lincoln County District Court granting defendants' motion to dismiss the first count of plaintiff's complaint involving breach of contract on a purchase of land in Lincoln County.

Plaintiff, a lumber business in Lincoln County, entered into a contract for deed on June 1, 1966, to purchase acreage in that county from defendants for $20,000 plus interest over a period of five years. The relevant portion of the contract was a typewritten portion which stated:

"* * * Further it, is herby (sic) understood that upon completion of the contract by payment in full according to the covenants as set forth, the party of the first part will execute to the parties of the second part and (sic) good and warranty deed free of any and all encumberances, (sic) with the necessary revenue stamps attached * * * together with title insurance in the principal sum at the time of the last payment or withing (sic) a reasonable time thereafter, such period of time not to exceed a period of sixty days."

On December 1, 1971 plaintiff made the final payment pursuant to the agreement. However, it was three years later that defendants provided the warranty deed and a title insurance policy for plaintiff. The essence of plaintiff's complaint for breach of contract is that it was damaged by the defendants' failure to deliver the warranty deed and title insurance policy within the time provided by the contract.

After the final payment, plaintiff built five houses on the acreage with slightly more than ten acres of land apportioned to each, allegedly to avoid state survey and subdivision requirements. The purchaser of one of the houses, built to order for $65,000, rescinded its contract with plaintiff. Three weeks after defendants provided the warranty deed and title insurance policy to plaintiff, the

Montana Subdivision and Platting Act of 1973 went into effect, which required a survey of tracts under 20 acres.

On April 11, 1977 plaintiff filed a breach of contract suit against defendants, alleging damages due to their failure to provide the contract for deed and title insurance within the time required by the contract. The first count, which is the count dismissed by the District Court, alleged plaintiff was damaged in three ways: first, that defendants' delay caused plaintiff a loss of $25,000 because it could not sell a house which it built for a third party; second, that a loss of $120,000 was caused because plaintiff could no longer qualify for exemption under the subdivision and platting act amendments; and third, that a loss of $2,186.41 was caused as the cost of a useless survey of the houses on ten acre tracts. Total damages on the first count were alleged to be $147,086.41. The second count, which is not involved in this appeal, alleged that defendants agreed to provide a survey of the exterior boundaries of the acreage and failed to do so, thus causing plaintiff to pay $4,323.63 for such survey.

On August 15, 1977 defendants filed a motion to dismiss the first count because it did not state a claim. Without opinion or other explanation, the District Court dismissed the first count. Plaintiff immediately moved the court to reconsider its order. When the District Court failed to rule on this motion within the time required by law, this appeal was taken.

We discuss first defendants' contention that the court's order dismissing the first count is not appealable. Defendants contend that an order granting a motion to dismiss is not specifically set out as an appealable order in Rule 1, M.R.App.Civ.P. However, this Court has ruled in several cases that such an order may be reviewed when it results in a party's being "* * * out of court and denied relief just as completely as if judgment had been entered against it. * * *" *Prentice Lumber Co. v. Hukill* (1972), 161 Mont. 8, 12, 504 P.2d 277, 279; *Local #8 Intern. Ass'n v. City of Great Falls* (1977), 174 Mont. 53, 568 P.2d 541, 546; *Duffy v. Butte Teachers Union* (1975), 168 Mont. 246, 252, 541 P.2d 1199. Using

these cases as the standard, we have no difficulty in determining that the order is appealable.

Defendants contend that plaintiff first has a duty to amend its complaint and let the District Court rule on the amended complaint before plaintiff is entitled to appeal. This argument presumes the complaint did not originally state a cause of action. If there is any set of facts which would support a claim for relief, the District Court should not dismiss a complaint. *Local #8*, 568 P.2d at 546. Here, plaintiff set out the relevant terms of the contract in its complaint and alleged that defendants failed to execute a deed and obtain title insurance within 60 days of final payment, as required by the contract. Plaintiff also set out three specific ways in which it was damaged by the alleged breach and had a prayer of damages for each claim. We do not feel that more is required to state a claim.

The general purpose of pleading is to give notice to the opposite party of the nature of the claims. Here, the complaint certainly apprised defendants of the nature of the claims. Moreover, if the claims were as uncertain as defendants assert, they were entitled to file a motion to make the pleadings more definite and certain under Rule 12(e), M.R.Civ.P.

Defendants contend that the damage claims of plaintiff are special damages and thus must be specially pleaded as required by Rule 9(g), M.R.Civ.P. The problem in pleading special damages as opposed to general damages is discussed in Wright & Miller, Federal Practice & Procedure: Civil § 1310, where the authors state:

"* * * General damages typically are those elements of injury that are the proximate results of defendant's conduct. Special damages are those elements of damages that are the natural, but not the necessary, consequence of defendant's conduct and usually stem from the particular circumstances of the case. Unfortunately, in many contexts the line between the two is not clear and the pleader must exercise caution whenever he is seeking to recover any 'unusual' damage items."

In pleading special damages, the authors state at § 1311:

"* * * Over the years, the interpretation of the rule has been liberalized. Most courts now take the position that allegations of special damage will be deemed sufficient if they are definite enough to enable the opposing party to prepare his responsive pleading and his defense * * *."

We note also that should defendants desire any further degree of specificity, they may obtain the same by use of the appropriate discovery devices such as depositions, interrogatories and requests to admit. This Court does not favor the short-circuiting of litigation at the initial pleading stage unless a complaint does not state a cause of action under any set of facts. Rule 8(f), M.R.Civ.P., provides: "All pleadings shall be so construed as to do substantial justice."

The order dismissing the first count of the complaint is reversed, and this cause is remanded for further proceedings.

MR. CHIEF JUSTICE HASWELL, JUSTICES DALY and HARRISON, and ALFRED B. COATE, District Judge, sitting in the vacant seat on the Court, concur.