No. 80-474

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

---

LORI BUSCH,

          Plaintiff and Appellant,

   vs.

CLINTON KAMMERER,

          Defendant and Respondent.

---

Appeal from: District Court of the Fourth Judicial District,
In and for the County of Missoula, Montana
Honorable Jack L. Green, Judge presiding.

Counsel of Record:

    For Appellant:

        Terry Sehestedt, Legal Services, Missoula, Montana

    For Respondent:

        Balyeat, Kammerer and Rodli, Missoula, Montana

---

Submitted on briefs: February 25, 1981

Decided: September 1, 1982

Filed: SEP - 1 1982

_Thomas J. Kearney_
                     Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Plaintiff Lori Busch brought this action seeking damages from her former landlord, Clinton Kammerer, for his alleged violation of the Landlord Tenant Act. The landlord moved to dismiss the complaint for failure to state a claim for which relief could be granted. Both parties filed briefs on the motion and the Missoula County District Court dismissed the action. From this dismissal, the tenant appeals.

The sole issue for this Court to consider is whether the District Court erred in concluding that the complaint filed herein is insufficient for failure to state a claim.

The substance of the facts and allegations contained in the tenant's complaint are as follows: She and the landlord entered into a rental agreement on or about November 8, 1979, whereby she would occupy a certain Missoula residence for a monthly rental of $150. At all times during the tenancy, the sole source of domestic water for the residence was a garden hose run above ground from a neighboring house to the residence. The tenant contends that, by renting and maintaining the premises in this condition, the landlord failed in his duties under section 70-24-303 of the Montana Residential Landlord and Tenant Act (act).

She alleges he knew it was unlawful for him to enter into a rental agreement under which he would accept rent free from the obligation to provide a safe source of domestic water for the residence. He was not, she argues, entitled to accept any amount of rent payments under section 70-24-203, MCA, if he had not complied with the statutory duties set forth in section 70-24-303, MCA.

-2-

Until June 1, 1980, when the tenancy terminated, she claims to have performed all her duties under the terms of the rental agreement and the act. She contends she suffered actual damages.

Defendant landlord filed no responsive pleading to the allegations in the complaint. Instead, he filed a motion to dismiss under Rule 12(b)(6), M.R.Civ.P. Such a motion has the effect of admitting all the well-pleaded allegations of the complaint. Duffy v. Butte Teachers' Union, Number 332, AFL-CIO (1975), 168 Mont. 246, 253, 541 P.2d 1199; Fulton v. Farmers Union Grain Terminal Ass'n. (1962), 140 Mont. 523, 531, 374 P.2d 231.

The standard test of the sufficiency of a complaint as against a motion to dismiss was set forth by the United States Supreme Court in Conley v. Gibson (1957), 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84:

> "In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

This Court has repeatedly endorsed the same test. Tobacco River Lbr. Co., Inc. v. Yoppe (1978), 176 Mont. 267, 270, 577 P.2d 855; Local No. 8 Intern. Ass'n. v. City of Great Falls (1977), 174 Mont. 53, 61, 568 P.2d 541; Duffy v. Butte Teachers' Union, Number 332, AFL-CIO, supra.

The complaint in this case is sufficient to meet this test and the motion to dismiss was improperly granted.

It appears from our examination of the District Court file that the District Court may have relied on allegations of fact contained in the briefs of both parties. Such allegations, however, are no part of the pleadings. If the court intended to utilize Rule 12(b)(6), M.R.Civ.P., as a

summary judgment procedure, it would be under a duty to give notice to the parties of the changed status of the motion, and a reasonable opportunity to present all material made pertinent to such motion. State ex rel. Dept. of H. & E. S. v. City of Livingston (1976), 169 Mont. 431, 435, 548 P.2d 155.

That procedure was not followed here. Accordingly, the judgment of dismissal is reversed and the cause remanded to District Court.

_____
                    Justice

We Concur:

_____
        Chief Justice

_____

_____
            Justices

-4-

Mr. Justice Daniel J. Shea concurring:

I join the majority opinion, but the procedural background helps to explain why the plaintiff was compelled to take an appeal in the first instance.

Originally, the defendant filed in District Court a motion to dismiss the complaint. Briefs were filed but it does not appear from the District Court file that the case was ever noticed for hearing on the motion to dismiss. Suddenly a minute entry was filed by the clerk of the District Court which stated that the trial judge (not the same judge who appears on the face sheet of the present opinion) had granted the motion to dismiss. A judgment was never entered, but the plaintiffs filed a notice of appeal and appellate briefs were filed by both sides. In studying the case on appeal, this Court discovered that a judgment had never been entered and so remanded the case for entry of judgment. The trial court then simply went along with the original minute entry to the other trial judge, which indicated that the motion to dismiss had been granted. A judgment was entered, and then this Court proceeded to hear the appeal on the merits.

It does not appear that the original judge who granted the motion to dismiss did anything beyond a pro forma order directing the clerk to enter a minute entry that the motion to dismiss had been granted. Certainly any judge, before dismissing a case, and compelling a party to take an appeal, should at least give an explanation of why the complaint was dismissed. That, of course, was not done. This is a little more understandable when one considers that the defendant worked for some time for the trial judge who granted the defendant's motion to dismiss. Such are the realities of practicing law and far too frequent judicial decision making in Montana.

Daniel J. Shea
Justice

-5-