MR. JUSTICE SHEEHY
delivered the opinion of the Court.
Plaintiff Lori Busch brought this action seeking damages from her former landlord, Clinton Kammerer, for his alleged violation of the Landlord Tenant Act. The landlord moved to dismiss the complaint for failure to state a claim for which relief could be granted. Both parties filed briefs on the motion and the Missoula County District Court dismissed the action. From this dismissal, the tenant appeals.
The sole issue for this Court to consider is whether the District Court erred in concluding that the complaint filed herein is insufficient for failure to state a claim.
The substance of the facts and allegations contained in the tenant’s complaint are as follows: She and the landlord entered into a rental agreement on or about November 8, 1979, whereby she would occupy a certain Missoula residence for a monthly rental of $150. At all times during the tenancy, the sole source of domestic water for the residence was a garden hose run above ground from a neighboring house to the residence. The tenant contends that, by renting and maintaining the premises in this condition, the landlord failed in his duties under section 70-24-303 of the Montana Residential Landlord and Tenant Act (act).
She alleges he knew it was unlawful for him to enter into a rental agreement under which he would accept rent free from the obligation to provide a safe source of domestic water for the residence. He was not, she argues, entitled to accept any amount of rent payments under section 70-24-203, MCA, if he had not complied with the statutory duties set forth in section 70-24-303, MCA.
Until June 1, 1980, when the tenancy terminated she claims to have performed all her duties under the terms of the rental agreement and the act. She contends she suffered actual damages.
*132 Defendant landlord filed no responsive pleading to the allegations in the complaint. Instead, he filed a motion to dismiss under Rule 12(b)(6), M.R.Civ.P. Such a motion has the effect of admitting all the well-pleaded allegations of the complaint. Duffy v. Butte Teachers’ Union, Number 332, AFL-CIO (1975), 168 Mont. 246, 253, 541 P.2d 1199; Fullerton v. Farmers Union Grain Terminal Ass’n. (1962), 140 Mont. 523, 531, 374 P.2d 231.
The standard test of the sufficiency of a complaint as against a motion to dismiss was set forth by the United States Supreme Court in Conley v. Gibson (1957), 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84:
“In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.”
This Court has repeatedly endorsed the same test. Tobacco River Lbr. Co., Inc. v. Yoppe (1978), 176 Mont. 267, 270, 577 P.2d 855; Local No. 8 Intern. Ass’n. v. City of Great Falls (1977), 174 Mont. 53, 61, 568 P.2d 541; Duffy v. Butte Teachers’ Union, Number 332, AFL-CIO, supra.
The complaint in this case is sufficient to meet this test and the motion to dismiss was improperly granted.
It appears from our examination of the District Court file that the District Court may have relied on allegations of fact contained in the briefs of both parties. Such allegations, however, are no part of the pleadings. If the court intended to utilize Rule 12(b)(6), M.R.Civ.P., as a summary judgment procedure, it would be under a duty to give notice to the parties of the changed status of the motion, and a reasonable opportunity to present all material made pertinent to such motion. State ex rel. Dept. of H. & E. S. v. City of Livingston (1976), 169 Mont. 431, 435, 548 P.2d 155.
That procedure was not followed here. Accordingly, the judgment of dismissal is reversed and the cause remanded to District Court.
*133 MR. CHIEF JUSTICE HASWELL and JUSTICES MORRISON and WEBER concur.