JUSTICE McKINNON,
specially concurring.
¶17 I write separately to adequately address the remedy of severability which we apply following our determination that § 45-5-206, MCA, violated equal protection guarantees by defining “partner” in a manner that excluded same-sex partners. The problem is one of underinclusiveness of the statute; that is, it criminalizes only heterosexual conduct and does not include as criminal those assaults occurring between same-sex partners. When a statute is constitutionally defective because of underinclusion, a court may either strike the statute, and thus make it applicable to nobody, or extend the statute’s coverage to those excluded. Thus, the unconstitutionality of one part of the statute does not necessarily render the entire statute void.
¶18 This Court must discern what course the Legislature would have followed had it foreseen our determination as to underinclusiveness of the statute. Nearly fifty years ago, Judge Cardozo stated, “[t]he question is in every case whether the Legislature, if partial invalidity had been foreseen, would have wished the statute to be enforced with *476 the invalid part exscinded, or rejected altogether.” People v. Mancuso, 175 N.E. 177, 181 (N.Y. 1931). “Unless it is evident that the legislature would not have enacted those provisions which are within its power, independently of that which is not, the invalid part may be dropped if what is left is fully operative as a law.” United States v. Jackson, 390 U.S. 570, 585, 88 S. Ct. 1209, 1218 (1968). More recently, in the landmark severability case of Ayotte v. Planned Parenthood, 546 U.S. 320, 126 S. Ct. 961 (2006), the Court declared the following principles:
Three interrelated principles inform our approach to remedies. First, we try not to nullify more of a legislature’s work than is necessary[.] ...
Second, mindful that our constitutional mandate and institutional competence are limited, we restrain ourselves from ‘rewriting state law to conform it to constitutional requirements’ even as we strive to salvage it. ...
Third, the touchstone for any decision about remedy is legislative intent, for a court cannot ‘use its remedial powers to circumvent the intent of the legislature.’
Ayotte, 546 U.S. at 329-30, 126 S. Ct. at 967-68 (citations omitted).
¶19 Montana similarly has followed these principles of severability. If an invalid part of a statute is severable from the rest, the portion which is constitutional may stand while that which is unconstitutional is stricken out and rejected. State v. Fire Department Relief Association, Etc., 138 Mont. 172, 178, 355 P.2d 670, 673 (1960). A statute “is not destroyed in toto because of an improper provision, unless such provision is necessary to the integrity of the statute or was the inducement to its enactment.” Hill v. Rae, 52 Mont. 378, 389-90, 158 P. 826, 831 (1916). If, when an unconstitutional portion of an act is eliminated, the remainder is complete in itself and capable of being executed in accordance with the apparent legislative intent, it must be sustained. Gullickson v. Mitchell, 113 Mont. 359, 375, 126 P.2d 1106, 1114 (1942).
¶20 Theeler argues the remedy he should receive for having been convicted pursuant to a constitutionally defective statute is reversal. The Court fails to address this argument and Theeler’s contention that, because other same-sex partners have escaped prosecution prior to 2013, Theeler should likewise escape accountability. Principles of severance, however, do not require that a statutory provision constitutionally defective for underinclusiveness be declared invalid as to those legitimately included within the class on the basis that others have escaped accountability. Principles of severance still apply where elimination of an invalid exemption will nonetheless impose burdens *477 on those not formerly burdened by the statute. Orr v. Orr, 440 U.S. 268, 271-72, 99 S. Ct. 1102, 1107-08 (1979). Further, severability principles apply although the exemption is part of a criminal statute and the equal protection analysis occurs within the context of a criminal trial where the defendant is cloaked with numerous constitutional and statutory protections. Skinner v. Oklahoma, 316 U.S. 535, 543, 62 S. Ct. 1110, 1114 (1942).
¶21 The question, then, is whether the Legislature would prefer to have statutes which cover all partners in partner family member assaults, with no exemption for same-sex couples, or instead to have no statutes at all proscribing partner family member assaults which involve persons in an intimate relationship, regardless of sexual orientation. In all cases where the court must decide whether to sever an exemption or instead declare an entire statute or definition a nullity, the court must look to the importance of the statute and the significance of the exemption within the overall statutory scheme. Statutes prohibiting partner family member assaults are of utmost importance to public safety. To nullify, in its entirety, that portion of the statute offering protection to “persons who have been or are currently in a dating or ongoing intimate relationship” would have a disastrous effect on public safety and the protection of victims of domestic violence. Although the Legislature struggled prior to 2013 with the very phrase the Court has found unconstitutional, the inevitable conclusion that I would reach is that the Legislature would prefer to eliminate “of the opposite sex” rather than nullify that portion of the statute offering protection to partners in intimate relationships. By expanding the definition of “partners” to all persons in intimate relationships, the Legislature’s concerns for public safety and protection of victims of domestic violence are preserved.
¶22 Pursuant to this analysis, a court does not “create a crime,” but does, however, enlarge the scope of the partner family member statute which was constitutionally defective for its underinclusiveness. Accordingly, by choosing a remedy which expands the definition of “partner,” Theeler cannot claim that he was convicted pursuant to a constitutionally defective provision because the statute under which he is being convicted has not been struck down. By eliminating an unconstitutional exception to a criminal statute we have expanded and enlarged the scope of the statute. We have not rendered the valid provision pursuant to which Theeler was convicted unenforceable.
¶23 Moreover, the due process clause of the Fourteenth Amendment requires that an accused have had fair warning at the time of committing an offense that such conduct was made criminal by the *478 State. Theeler’s conduct was covered by the statute and he received fair warning that it was criminal. The remedy chosen by the Court to extend coverage of “partner” to all those to whom the provision can constitutionally be applied, does not deprive Theeler of a constitutionally protected right to equal protection or due process. To reverse Theeler’s conviction would mean that all those persons who were convicted of partner family member assault would be entitled to have their conviction vacated and that a conviction could additionally not be considered as a predicate offense for an enhanced penalty. The equal protection clause and due process do not require that we reach such as result.
¶24 Therefore, pursuant to the foregoing analysis, the remedy for the underinclusiveness of the statute is to expand coverage to those formerly excluded by striking that portion of the statute which defines “partners” as “those of the opposite sex.” Because the portion of the statute under which Theeler has been convicted has not been struck down, his conviction should be affirmed.