No. 14487

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

---

HOMER D. MARTIN and LORETTA L. MARTIN,

            Plaintiffs and Appellants,

    -vs-

WILLIAM A. VINCENT and ISABELL C. VINCENT,

            Defendants and Respondents.

---

Appeal from:  District Court of the Fourth Judicial District,
              Honorable Edward T. Dussault, Judge presiding.

Counsel of Record:

    For Appellants:

        Milodragovich, Dale and Dye, Missoula, Montana
        Harold V. Dye argued, Missoula, Montana

    For Respondents:

        Gene A. Picotte argued, Helena, Montana

---

                        Submitted:  March 15, 1979

                          Decided: APR 1 0 1979

Filed:

Thomas J. Kearney
_____
                    Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

Plaintiffs (real estate brokers) appeal from dismissal of their claim for breach of two contracts, a real estate listing contract and a land sale contract, with defendants (landowners) by the Ravalli County District Court. We reverse and remand the cause for further proceedings.

The facts that appear on the face of the complaint and its two exhibits (the listing contract and the land sale contract) are as follows. Plaintiffs, (hereinafter "brokers") are licensed real estate brokers doing business as Martin Realty. Defendants, the Vincents, are owners of real property (approximately 60 acres) known as Summerdale Orchards, located in Corvallis, Ravalli County, Montana. Although the Vincents were formerly married, at all times relevant herein they were divorced, and William Vincent lived in Ravalli County while Isabell Vincent lived in Lewis and Clark County.

On February 27, 1978, William Vincent and the brokers entered into a nonexclusive listing agreement under which the brokers were authorized to market and sell Summerdale Orchards for $150,000 in exchange for a 6 percent broker's commission on the sale. (Isabell Vincent signed this listing agreement on March 6, 1978.)

On March 6, 1978, William Vincent and the brokers entered into a contract entitled "receipt and agreement to sell and purchase" whereby the brokers agreed to purchase Summerdale Orchards for $150,000 minus their 6 percent commission ($9,000). The brokers, who prepared both contracts, had signed this land sale contract on February 27, 1978, the same date they signed the listing agreement. (Isabell Vincent signed the land sale contract on March 6, 1978.)

-2-

Sometime later, the Vincents contracted to sell Summerdale Orchards to third persons for $165,000.

On June 16, 1978, the brokers filed suit for breach of their contracts with the Vincents. The complaint sought damages for breach of the land sale contract and their $9,000 commission under the listing agreement. On July 13, the Vincents moved to dismiss the complaint for failure to state a cause of action. The motion was supported by a brief that, in essence, alleged the transactions "reek of" fraud, misrepresentation and breach of various fiduciary duties owed by a broker to his client. The brokers' memorandum in opposition to the motion to dismiss alleged that there was no fraud, misrepresentation or breach of fiduciary duty in the transactions and contended that these charges are not contained on the face of the complaint, but constitute affirmative defenses which cannot support a motion to dismiss. On August 11, 1978, the District Court ordered the complaint and case dismissed for the reasons that:

> ". . .the Plaintiffs are treading on grounds
> that are frowned upon by the Montana Supreme
> Court in several decisions that have been
> decided by the Court, particularly in the last
> two years. It is this Court's opinion that
> the Plaintiffs did not disclose to the Defendants,
> the principal for whom they were acting even
> though they were ostensibly, and as of record,
> the brokers for the Defendants in their sale
> of Defendant's property."

The sole issue on appeal is whether the District Court erred in granting defendants' motion to dismiss for failure to state a claim upon which relief can be granted.

Embodied in Rule 12(b)(6), Mont.R.Civ.P., a motion to dismiss for failure to state a claim upon which relief can be granted, is the usual and proper method of testing the

legal sufficiency of a complaint. 2A Moore's Federal Practice, §12.08, p. 2266. A complaint should not be dismissed for insufficiency "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Local No. 8 International Association of Firefighters v. City of Great Falls (1977), ___ Mont ___, 568 P.2d 541, 546, 34 St.Rep. 991, 997 (and authority cited therein); Tobacco River Lumber Co., Inc. v. Yoppe (1978), ___ Mont. ___, 577 P.2d 855, 856, 35 St. Rep. 477, 479.

The brokers contend that the District Court could only dismiss their complaint if there was a per se rule prohibiting brokers from purchasing land that they have listed, which there is not. On the other hand, the landowners insist that there is such a rule contained in section 66-1937(7), R.C.M. 1947, now section 37-51-321(7) MCA and in section 2-129(1), R.C.M. 1947, now section 28-10-407(1) MCA.

Section 66-1937, R.C.M. 1947, now section 37-51-321 MCA, of the Montana Real Estate License Act sets out the ethical standards for licensed real estate brokers doing business in Montana. Although these standards specifically govern refusal, suspension and revocation of broker licenses by the Licensing Board, this Court has considered breach of the duties enumerated, "an independent reason to deny a commission to a broker." Carnell v. Watson (1978), ___ Mont. ___, 578 P.2d 308, 312, 35 St.Rep. 550, 555. Section 66-1937(7), supra, prohibits brokers from "[a]cting in a dual capacity of broker and undisclosed principal in a transaction." As is clear from the District Court order dismissing the brokers' complaint, it was the court's "opinion"

-4-

that the brokers did not disclose their dual capacity as both broker and buyer that compelled dismissal of the complaint. Nothing on the face of the complaint allowed this conclusion.

The only hint of nondisclosure exhibited on the face of the complaint and the attached contracts is the fact that the brokers' signatures on both the listings and land sale contracts were affixed on the same day, February 27, 1978. The brokers claim that this coincidence is explainable in that on the date the listings agreement was signed, they inspected Summerdale Orchards, decided they wanted to buy it on the owner's terms, and reached an oral agreement with William Vincent to do so, deducting their commission from the sale price. If this account was true, there was no nondisclosure. Indeed, the landowners' signatures on the sales contracts naming the brokers as purchasers tend to negate any inference of nondisclosure. It cannot be held "beyond doubt" that the facts did not occur in this manner.

The landowners' reliance on section 2-129(1), R.C.M. 1947, now section 28-10-407(1) MCA is misplaced. Section 2-129(1), supra, provides:

> ". . . EXCEPTIONS TO GENERAL AUTHORITY. An authority expressed in general terms, however broad, does not authorize an agent: (1) To act in his own name, unless it is the usual course of business to do so; . . ."

A real estate broker does not enjoy general authority, but is only authorized to do what is specifically assigned in his contract of employment. Diehl and Assoc., Inc. v. Houtchens (1977), ____Mont.____, 567 P.2d 930, 933-34, 34 St.Rep. 814, 817. Therefore, section 2-129(1), supra, does not apply.

-5-

In formulating its "opinion", the District Court apparently referred to matters outside the allegations of the complaint. The case however, was not treated as one for summary judgment, and could not have been so treated, since the only pleadings before the court were the complaint and the motion to dismiss. Clearly, the complaint stated a cause of action.

The court order dismissing the case is reversed and the cause remanded for further proceedings.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices