No. 82-105

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

---

PROPERTY BROKERS, INC., and
VERN SCHOULTE, d/b/a SCHOULTE
REALTY,

Plaintiffs and Appellants,

vs.

PALMER LOYNING and ELVA LOYNING,
husband and wife,

Defendants and Respondents.

---

Appeal from: District Court of the Thirteenth Judicial District,
In and for the County of Carbon
Honorable Charles Luedke, Judge presiding.

Counsel of Record:

For Plaintiffs:

Charles E. Snyder, Billings, Montana

For Defendants:

Ayers and Alterowitz; Arthur W. Ayers, Red Lodge, Montana

---

Submitted on briefs: August 19, 1982

Decided: December 2, 1982

Filed: DEC - 2 1982

Thomas J. Kearney
_____ Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

The plaintiffs, real estate brokers, brought this action to recover commissions for the sale of a ranch owned by defendants, the Loynings. Both parties moved for summary judgment. The District Court of the Thirteenth Judicial District, Carbon County, granted summary judgment for defendants, and plaintiffs appeal.

The Loynings entered into a real estate listing agreement with one of the appellants, Property Brokers, Inc., in order to sell their ranch near Roberts, Montana. In the agreement, Property Brokers was employed "to sell or exchange" the property, and would receive an 8 percent commission under the following circumstances:

> "In the event that you or any other brokers cooperating with you, shall find a buyer ready and willing to enter into a deal for said price and terms, or such other terms and price as I may accept, or that during your employment you supply me with name of or place me in contact with a buyer to or through whom at any time within 180 days after the termination of said employment I may sell or convey said property, I hereby agree to pay you in cash for your services a commission equal in amount to 8 percent of the above-stated selling price."

The agreement was entered into June 25, 1979, and was to expire June 25, 1980. With the 180-day grace period, the broker was still entitled to a commission if a buyer he found purchased the property prior to December 22, 1980.

Vern Schoulte, the other appellant and a broker cooperating with Property Brokers, showed the Loyning ranch to John and Anyce Gerhardt. The Gerhardts and Loynings entered into a buy/sell agreement on October 23, 1979. An earnest money deposit of $1,000 was given to Schoulte to hold until closing.

The buy/sell agreement was made entirely contingent upon the sale of the Gerhardts' property near Sidney, Montana. Meanwhile, the Gerhardts would take possession of the Loyning ranch as tenants. The buy/sell agreement, including the tenancy provision, was to expire March 31, 1980. If another buyer was found

- 2 -

prior to March 31, 1980, the Gerhardts would have seventy-two hours to finalize their agreement.

The Gerhardts were not able to sell their property near Sidney before March 31, 1980, and no other buyer was found. The Loynings allowed the Gerhardts to stay at their ranch as tenants beyond the March 31 deadline. On August 6, 1980, however, the $1,000 earnest money deposit was forfeited.

On December 31, 1980, the Gerhardts eventually sold their property near Sidney, and were then able to buy the Loyning ranch. On January 29, 1981, the Gerhardts finalized the purchase of the Loyning ranch.

The only issue on review is whether the District Court erred by granting a summary judgment to the Loynings, thereby denying broker commissions to appellants.

Because appellants failed to supply a ready and willing buyer, and because the sale of the Loyning property did not occur within the time prescribed by the listing agreement, the District Court's judgment must be affirmed.

A real estate broker is entitled to a commission when he has, in pursuance of his employment and within the time specified, procured a purchaser ready, able, and willing to purchase the seller's property on the terms and conditions specified in the contract of employment. Diehl & Associates, Inc. v. Houtchens (1977), 173 Mont. 372, 567 P.2d 930. This rule was interpreted in Diehl to mean that a broker employed to "sell or effect a sale" (as is the case here) does not earn his commission until the purchase price is paid, title is conveyed and the sale completed. The one exception to this interpretation is that a broker may still be entitled to a commission if the sale is not completed because of wrongful acts or interference by the seller. See Associated Agency of Bozeman, Inc. v. Pasha (1981), _____ Mont. ____, 625 P.2d 38, 38 St.Rep. 344.

Here, the appellants simply did not meet their obligations within the time prescribed by the listing agreement. They did

not find a ready and willing buyer nor did they effect a sale within the time prescribed. There is no claim on appeal that the sellers wrongfully interfered with the sale.

In Flinders v. Gilbert (1963), 141 Mont. 442, 378 P.2d 385, we noted that a buyer is neither ready nor willing if the buyer cannot make an offer until he sells other property. Flinders, 378 P.2d at 387. This dicta is commensurate with the generally accepted rule that a buyer is financially "able" only when he can command the necessary funds to complete the purchase within the time allowed by the offer. See, eg., Record Realty, Inc. v. Hull (1976), 15 Wash.App. 826, 552 P.2d 191, and cases cited therein.

Here, the buyers were not financially able to purchase the Loyning property until December 31, 1980, when they sold their property near Sidney. The buy/sell agreement had expired on March 31, 1980. The Gerhardts were thereafter under no obligation to buy the Loyning property if they sold their property in Sidney. More importantly, the listing agreement had expired June 25, 1980, and the 180-day grace period ended December 22, 1980.

As a general rule, courts have strictly followed the time limits set down in listing agreements. See Annot. 27 ALR2d 1348 et seq; The Nebraskans, Inc., v. Homan (1980), 206 Neb. 749, 294 N.W.2d 879; Brackett v. Schafer (1953), 41 Wash.2d 828, 252 P.2d 294. An exception may arise if the surrounding circumstances indicate that the time provisions have been waived by the parties. Snyder v. Schram (1976), 274 Or. 539, 547 P.2d 102. Here, nothing in the record suggests such a waiver occurred.

Therefore, in spite of the fact that appellant Schoulte introduced the Loynings to the eventual buyers, the appellants cannot claim a commission because the buyers were not ready and able to make the purchase, and the property was not sold, until after the listing agreement and the 180-day grace period had expired.

The District Court's judgment is affirmed.

_____
Justice

- 4 -

We concur:

_Mardle J. Haswell_
Chief Justice

_John Conway Harrison_

_Daniel J. Shea_

_John C. Sheehy_
Justices