No. 91-478

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992


JOE KRAFT d/b/a HOLIDAY REALTY,

Plaintiff and Appellant,

-vs-

INEZ F. HODSON, individually, and as
Personal Representative of the Estate of
Charles G. Hodson, ELKRIDGE LIVESTOCK CO.,
a Montana corp., and HODSON RANCH COMPANY,
a co-partnership,

Defendants and Respondents.

FILED

SEP 1 1992

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA


APPEAL FROM:   District Court of the Eighth Judicial District,
               In and for the County of Cascade,
               The Honorable Joel G. Roth, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

                Douglas C. Allen, Attorney at Law, Great Falls,
                Montana
                A. Clifford Edwards & David R. Paoli, Edwards &
                Paoli, Billings, Montana


        For Respondent:

                Keith Strong, Dorsey & Whitney, Great Falls, Montana


                                Submitted on Briefs:  August 13, 1992

                                          Decided:  September 1, 1992

Filed:

                                        Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

This is an appeal from an order of the District Court of the Eighth Judicial District, Cascade County, dismissing the plaintiff-appellant Joe Kraft's d/b/a Holiday Realty (Kraft) complaint against the defendants-respondents Inez F. Hodson, et al. (Hodson). We affirm.

The disposing issue is:

Did the District Court err in dismissing Kraft's complaint with prejudice on Hodson's motion to dismiss for failure to state a claim?

The complaint alleges Hodson, on behalf of herself and the other respondents, entered into a real estate listing agreement with Kraft, a real estate agent, to sell the Hodson Ranch, machinery and livestock. Such agreement was incorporated into the complaint. Under the agreement, if Kraft negotiated a sale he was to receive a commission of three percent of the gross sales price. This agreement was to expire on July 1, 1987. The agreement excluded sales to Chase Hibbard and Thomas E. Lane, among others with whom Hodson had previously negotiated. Hodson maintained the option to sell the ranch herself to parties other than those procured by Kraft.

Kraft alleges he was thereafter contacted by Chase Hibbard who reexpressed considerable interest in buying a portion of the ranch. Kraft asked Hodson what she wanted him to do. Kraft alleges he was specifically requested and authorized to carry on negotiations for

2

Hodson. This alleged authorization and request was oral, not written.

Kraft also alleges that Hodson authorized him to negotiate with Tom Lane (Lane) for the sale of the property. This authorization was also oral. Kraft alleges he negotiated with Lane. However, Kraft was later informed by Hodson that Lane drove up to her place and bought the ranch. Kraft alleges that Hodson's attorney called and obtained from him the details and terms of the sale to Lane, and assured Kraft he would get his fee. The negotiations and sale of the ranch to Lane occurred subsequent to the termination date of the listing agreement.

The basis of Kraft's complaint is as follows:

1. Hodson orally modified the agreement to pay Kraft a commission even if she sold the property.

2. Hodson orally modified the agreement to pay Kraft a commission even if the property was sold to Tom Lane.

3. Hodson orally modified the agreement to pay Kraft a commission after the listing expired.

A court, in reviewing a motion to dismiss under Rule 12(b), M.R.Civ.P., must assume all allegations of the complaint are true. Contway v. Camp (1989), 236 Mont. 169, 768 P.2d 1377. The resolution of whether the complaint states a claim is a matter of law. Our review of a district court's ruling of law is plenary and we determine if the district court's determination as to the law is correct. See Steer Inc., v. Dept. of Revenue (1990), 245 Mont. 470, 803 P.2d 601.

3

A real estate listing agreement is within and covered by the statute of frauds. Section 28-2-903(1)(e), MCA, provides:

> The following agreements are invalid unless the same or some note or memorandum thereof is in writing and subscribed by the party to be charged or his agent; . . .
>
> (e) an agreement authorizing or employing an agent or broker to purchase or sell real estate for compensation or a commission.

Such statute applies here. See Carnell v. Watson, 176 Mont. 344, 578 P.2d 308. The District Court in considering the issue held as follows:

> In Carnell, supra 176 Mont. at 348 the Montana Supreme Court disposed completely of Plaintiff's argument. The Court held as a matter of public policy that oral consent does not validate material alterations of written listing agreement[s]. The Carnell court also held as a matter of law and public policy that a real estate broker must deliver a copy of any modified agreement in writing to the seller or forfeit his right to a commission. Ibid. at 349-50. None exists here.

Kraft's alleged oral modifications above stated are invalid. There is no allegation or proof of a note or memorandum signed by Hodson.

Kraft also contends the oral modifications were fully executed and therefore are governed by § 28-2-1602, MCA, which provides as follows:

> A contract in writing may be altered by a contract in writing or by an executed oral agreement and not otherwise.

Kraft states his performance complied with this statute and the oral modification is fully executed. Kraft is in error for we have consistently held that executed oral agreements mean full execution by both sides. See Hart v. Billings Public Stockyards (1971), 157 Mont. 345, 486 P.2d 120. Hodson had not paid him his

4

alleged commission. The consideration from her to him has not been executed.

Kraft also asserts that allowing Hodson to rely on the statute of frauds perpetuates a fraud against Kraft. It amounts to "gaining an unconscionable advantage inflict[ing] an unjust and unconscionable loss upon the plaintiff."

The District Court considered this assertion and disposed of it as follows:

> The purpose of section 13-606 [now 28-2-903(1)(e)] is to prevent fraud by disallowing parol evidence of an agreement to pay a real estate commission, and requiring instead written proof of such agreement signed by the party to be charged thereunder. To permit parol proof of the existence of such agreement and proof of complete execution thereof by proof of sale, is to circumvent the positive requirements of the statute of frauds and render it a nullity.

We conclude the motion to dismiss was properly granted.

Affirmed.

_____<br>Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

September 1, 1992

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


Douglas C. Allen
Attorney at Law
P.O. Box 2886
Great Falls, MT  59403

A. Clifford Edwards and David R. Paoli
Edwards & Paoli
P.O. Box 20039
Billings, MT  59104-0039

Keith Strong
Dorsey & Whitney
P.O. Box 1566
Great Falls, MT   59403

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy